UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CIVIL ACTION NO. _____

FUJI AUTOTECH USA, LLC                                                              PLAINTIFF

MITSUI SUMITOMO INSURANCE USA, INC.                                        DEFENDANT

## NOTICE OF REMOVAL

Defendant Mitsui Sumitomo Insurance USA, Inc. ("Defendant"), hereby submits this Notice of Removal of the above-styled action from the Commonwealth of Kentucky, Boone Circuit Court, to the United States District Court for the Eastern District of Kentucky, Covington Division. By this petition, Defendant gives notice of the removal of this action. This notice of and petition for removal is made pursuant to 28 U.S.C. § § 1332 and 1441, and is proper and appropriate based upon the following:

1.  On or about January 21, 2020, Plaintiff filed a Complaint in the Boone County Circuit Court, Case No. 20-CI-00100, styled as *Fuji Autotech USA, LLC v. Mitsui Sumitomo Insurance USA, Inc. See* Complaint attached hereto as **Exhibit A**. In the Complaint, Plaintiff alleges breach of contract claiming that Defendant breached the policy of insurance by refusing to perform its obligations under the terms of the Policy and pursuant to Kentucky law. *Id*. at 10. Additionally, Plaintiff alleges the conduct, acts and/or omissions by Defendant constituted Unfair Claims Settlement Practices pursuant to KY STAT § 304.12-230. *Id*. As a result, Plaintiff complains it has sustained property damage losses, inconvenience, and has been denied full and proper use of its Property. *Id*. at 11. Further, Plaintiff is asking for compensatory and punitive

damages including all forms of losses, economic hardship, losses due to nonpayment, exemplary damages and damages for emotional distress to Plaintiff's employees. *Id*. at 13-14.

2.  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Circuit Court of Boone County, Kentucky is located within the jurisdiction of the United States District Court for the Eastern District of Kentucky, Covington Division.

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon diversity jurisdiction. Plaintiff, Fuji Autotech USA, LLC ("Plaintiff") is a foreign Limited Liability Company which is Inactive according to the Kentucky Secretary of State and all of whose members are citizens of other than Kentucky. Defendant, Mitsui Sumitomo Insurance USA, Inc. is a corporation organized under the laws of the state of New York and maintains its principal place of business in New Jersey. Thus, Defendant is a citizen and resident of New York and New Jersey. Accordingly, the requirement of complete diversity is satisfied (Both at the time of filing of the Complaint and this Notice of Removal). *See* 28 U.S.C. § 1332(a)(1).

4.  This Court also has jurisdiction over this action because it is more likely than not that Plaintiff is seeking damages in excess of the jurisdictional amount in controversy. Prior to filing the Complaint, Plaintiff demanded in settlement in excess of $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1332(a)(1) Federal District Courts, "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states." A defendant seeking to remove a case to federal court has the burden of proving that the district

court possess jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). In cases like this one, where the Plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount in controversy requirement, the Defendant must show that it is more likely than not that Plaintiff's claims exceed $75,000.00, exclusive of interest and costs. Plaintiff's present demand in excess of $75,000.00 exclusive of interest and costs satisfies that burden.

5. This Notice of Removal has been filed within thirty (30) days of the date from when Defendant received, through service, a copy of the Summons and Complaint on January 28, 2020 pursuant to 28 U.S.C. § 1446(b)(1).

6. Venue is proper in this Court pursuant to 28 U.S.C. §1441(a) because the United States District Court for the Eastern District of Kentucky, Covington Division, is the Federal Judicial District and division embracing the Circuit Court of Boone, Kentucky, where the State Court Action was originally filed.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the Defendant in the State Court action are attached to this Notice of Removal as **Exhibit A**. Additionally, the Notice to State Court of Filing of Removal to Federal Court is attached hereto as **Exhibit B**.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Circuit Court of Boone County, Kentucky.

9. Because 28 U.S.C. § 1332(a)(1) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendant hereby requests that this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted,

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

/s/ *Donald L. Miller, II*
Donald L. Miller II, Esq.
Buddy J. VanCleave, Esq.
9300 Shelbyville Road, Suite 400
Louisville, KY 40222
T: (502) 423-6390
F: (502) 423-6391
dmiller@qpwblaw.com
buddy.vancleave@qpwblaw.com

and

Steven J. Badger, Esq. (application for *pro hac vice* admission pending)
Zelle LLP
900 Main Street, Suite 4000
Dallas, Texas 75202
T: (214) 742-3000
sbadger@zelle.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20th, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all registered participants and have served a copy on the following by U.S. Mail:

Erik D. Perterson
**Mehr Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short St., Suite 800
Lexington, Kentucky 40507
*Counsel for Plaintiff, Fuji Autotech USA, LLC*

  /s/  Donald L. Miller, II
*Counsel for Defendant*